IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TINA M. ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-0205-N |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| Of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Plaintiff appeals an adverse decision of the Commissioner denying plaintiff's claim for a period of disability, disability insurance benefits and supplemental security income. (Doc. 1) The parties have waived oral argument (doc. 17) and have consented to the exercise of jurisdiction by the undersigned (doc. 18). This case has been referred to the undersigned by the District Judge (doc. 18). Upon review of the record and the briefs of the parties (docs. 13, 14), the court finds that the Commissioner's decision is due to be AFFIRMED.

Background

Plaintiff filed for benefits on April 4, 2007, alleging disability beginning on November 30, 2006. Following a denial at the initial stage, she requested a hearing before an Administrative Law Judge ("ALJ"). Plaintiff was thirty-six years of age at the time of her hearing on December 3, 2008. The ALJ issued an unfavorable decision on December 24, 2008. The ALJ determined, in sum, that plaintiff had two severe impairments—back pain and panic

disorder[1]—but that plaintiff could perform the full range of sedentary work, and thus was not disabled.  Plaintiff timely sought review by the Appeals Council, which denied review on March 23, 2011, rendering the decision of the ALJ the final decision of the Commissioner.

## Scope of Judicial Review

A limited scope of judicial review applies to a denial of Social Security benefits by the Commissioner. Judicial review of the administrative decision addresses three questions: (1) whether the proper legal standards were applied; (2) whether there was substantial evidence to support the findings of fact; and (3) whether the findings of fact resolved the crucial issues. Washington v. Astrue, 558 F.Supp.2d 1287, 1296 (N.D.Ga. 2008); Fields v. Harris, 498 F.Supp. 478, 488 (N.D.Ga. 1980). This Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. If substantial evidence supports the Commissioner's factual findings and the Commissioner applies the proper legal standards, the Commissioner's findings are conclusive. Lewis v. Callahan, 125 F.3d 1436, 1439-40 (11th Cir. 1997); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987); Hillsman v. Bowen, 804 F.2d 1179, 1180 (11th Cir. 1986); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). "Substantial evidence" means more than a scintilla, but less than a preponderance.  In other words, "substantial evidence" means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be enough to justify a refusal to direct a verdict were the case before a jury.  Richardson v. Perales, 402 U.S. 389 (1971); Hillsman, 804 F.2d at 1180; Bloodsworth, 703 F.2d at 1239. "In determining

---

[1] Plaintiff's medical records reflect a history of treatment for shoulder pain, neck pain and elbow pain.  She underwent a cervical fusion prior to the alleged onset of disability (TR 238-50).

whether substantial evidence exists, [the Court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). Even where there is substantial evidence to the contrary of the ALJ's findings, the ALJ decision will not be overturned where "there is substantially supportive evidence" of the ALJ's decision. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). In contrast, review of the ALJ's application of legal principles is plenary. Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995); Walker, 826 F.2d at 999.

## Claims

Plaintiff raises the following claims on appeal:

1) The ALJ erred in adopting the conclusions of a non-acceptable state agency non-medical source; and

2) The ALJ erred in rejecting the opinions of plaintiff's treating physician concerning plaintiff's residual functional capacity.

## Analysis

Plaintiff's first claim is based on the ALJ's reference to the findings of a non-medical Single Decision-Maker ("SDM")[2], Phillip W. Lambert, as support for the ALJ's residual functional capacity evaluation and thus ultimately for the denial of benefits. In his Response, the Commissioner acknowledges that the ALJ incorrectly identified the SDM as a physician and that the ALJ erred in assigning the SDM's opinion weight due a non-examining physician. Doc. 14 at 8-9. However, the Commissioner argues that these errors were harmless. Id.

---

[2] A Single Decision-Maker is not a medical source, see C.F.R. § 404.906, and as such, his opinion is not evidence that the ALJ may properly rely upon when reaching a disability determination. *See* Program Operations Manual System DI 24510.050C, 2001 WL 1933365 (forms completed by an SDM are not opinion evidence at the appeal level.)

In a Social Security appeal, an ALJ's error is deemed harmless if it is irrelevant to the denial of benefits. Siorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983). In Moore v. Barnhart, 405 F.3d 1208, 1214 (11th Cir. 2005), the Eleventh Circuit Court of Appeals held that where the ALJ failed to analyze or document the applicant's condition in two functional areas, and the court could not determine what impact this had on the ALJ's determination, the court could not rely on the harmless error analysis. *See also* Talbot v. Comm'r of Soc. Security, 383 Fed. Appx. 843, 845 (11th Cir. 2010) (ALJ based credibility finding on an incorrect reading of evidence. If ALJ had compared testimony with correct evidence, he "may have found" plaintiff credible, and thus could not hold that error to have been harmless).

Following the ALJ's determination of plaintiff's residual functional capacity, based upon the opinion of Dr. Crump, the ALJ cited to the opinion of the SDM in the following terms:

> The undersigned notes that the above determination is substantially consistent with the conclusions of the state agency medical consultant who, after reviewing the record as it existed in June 2007, also determined that the combination of the claimant's impairments was not disabling and did not preclude the performance of full time capacity (Exhibit 1A). As a non-examining physician, this opinion is not entitled to controlling weight, but must be considered and weighed as that of a highly qualified physician who is an expert in the evaluation of the medical issues in disability claims under the Social Security Act (SSR 96-6p).

Doc. 12 at 17. This language indicates that the erroneous consideration of the SCM's opinion was not determinative, but rather was deemed to have been merely consistent with the determination made by the ALJ on the basis of Dr. Crump's records.

Plaintiff's argument on this point dovetails with her second argument that the ALJ's RFC determination is not fully supported by the other medical evidence, without reliance on the erroneous citation to the SDM. The ALJ states in his decision that he gave "substantial weight" to the opinion of Dr. Crump, plaintiff's treating physician for pain management from November 29, 2005, through the time of the hearing. Dr. Crump completed a Physical Capacities

4

Evaluation and a Clinical Assessment of Pain form for the plaintiff on July 20, 2007.  Doc. 12 at 223-25.  The ALJ found that Dr. Crump had stated that plaintiff's fibromyalgia caused her pain; that she suffered pain but that it "does not prevent functioning in everyday activities or work"; that "physical activity would increase [plaintiff's] pain, but not to such an extent as to prevent adequate functioning in tasks"; and that her pain "would pose limitations but not to a degree as to cause serious problems at work."  *See* ALJ's decision, doc. 12 at 17.  In addition, the ALJ found that Dr. Crump's PCE evaluation reflected that plaintiff could sit, stand and walk for 8 hours, that she can lift and carry up to 5 pounds for 4 hours, can carry between 6 and 10 pounds for 2 hours, and between 11 and 20 pounds for 1 hour during an 8 hour workday; that she could use her arms and hands for repetitive actions such as simple grasping, pushing/pulling arm controls, and for fine manipulation; that she cold use her legs and feet for repetitive actions such as pushing/pulling of leg controls; that she could bend, squat, crawl, climb and reach for one hour; and that she has no limitations as to unprotected heights, being around moving machinery, driving, or exposure to marked temperature changes or to dust, fumes or gases.  Id.  Despite plaintiff's bare assertion that the ALJ did not give Dr. Crump's opinions substantial weight, these findings are consistent with and supported by Dr. Crump's stated opinions.

From these findings, the ALJ concluded that plaintiff could perform the full range of sedentary work.  The Commissioner cites 20 C.F.R. § 404.1567(a), which defines sedentary work as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

Plaintiff has not explained the basis for her claim that Dr. Crump's opinions, as accepted by the ALJ, were inconsistent with a finding that plaintiff could perform work at the sedentary level. The Commissioner suggests that plaintiff might have intended to argue that the opinion that plaintiff could sit or stand for an hour at a time, but for a total of eight hours in an eight hour day, was equivalent of a "sit-stand option;" the Commissioner then explains why such an argument would have failed. The court will not engage in such assumptions,[3] but rather decides the case on the basis of the argument actually and clearly made—that as a factual matter the ALJ's decision was at odds with Dr. Crump's opinions. The court's comparison of the medical records and the ALJ's decision demonstrates that plaintiff's second issue is without merit.

Given that the ALJ's RFC findings are substantially supported by Dr. Crump's opinions, and given the ALJ's statement that the SDM's opinion was considered only as being consistent with the RFC determination already reached by the ALJ which was based on Dr. Crump's opinion, the undersigned finds the ALJ's error concerning the SDM to have been harmless. Plaintiff's first claim is thus also without merit.

## Conclusion

For the foregoing reasons, it is hereby ORDERED that the Commissioner's final decision is upheld. Judgment shall be entered in favor of the defendant.

DONE this the 12th day of December, 2011.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[3] Following the filing of the Commissioner's brief, plaintiff waived oral argument and thus gave up the opportunity to explain her argument further. Were the undersigned to address the putative issue briefed by defendant, it appears that defendant's position would be likely to prevail. In light of the statement that plaintiff could sit for eight hours of an eight hour day, Dr. Crump's opinion of plaintiff's limitations appears to describe the need to occasionally change position briefly, such as by standing or stretching, rather than the need to alternate sitting and standing at unspecified intervals.